· LOUIS C. CYR *vs.* ESSEM PACKING CO. INC.

Essex.    December 5, 1934. — March 25, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Construction, Building contract.

The installation of certain piping was required by the terms of a contract in writing for the alteration of a building, and did not constitute extra work for which the contractor was entitled to additional compensation.

CONTRACT. Writ in the District Court of Lawrence dated August 3, 1933.

The action was heard in the District Court by *Dooley,* J., who found for the plaintiff in the sum of $899.17 and interest. Upon a report to the Appellate Division for the Northern District, the finding for the plaintiff was ordered vacated and judgment for the defendant was ordered entered. The plaintiff appealed.

*F. A. Bernardin,* (*J. M. Hargedon* with him,) for the plaintiff.
*W. C. Ford,* for the defendant.

LUMMUS, J. The only question is, whether certain water piping installed by the plaintiff for the defendant during the performance of a written contract for the alteration of the defendant's factory, was required by the contract, or constituted extra work for which the plaintiff is entitled to additional pay. The contract and specifications required the plaintiff to furnish and install certain plumbing fixtures, but did not expressly require the installation of hot and cold water piping to make the fixtures usable. The provision that the plaintiff shall "connect" the fixtures, he contends, does not require him to pipe to them. The judge found for the plaintiff for the value of the piping work. The Appellate Division, in a careful opinion, held that the piping was required by the contract, and ordered judgment for the defendant. The plaintiff appealed.

We can add nothing to what the Appellate Division has pointed out. The building already contained cooking tanks, lavatories and toilets, and presumably water piping for them. Some work, including hot and cold water connections to new cooking tanks, was expressly excluded from the contract by being included in a section entitled "work by other contractors"; but no mention was made of the piping in question. It is true, that water pipes were not shown on the plans, which formed part of the contract. Neither were drains; yet drains were clearly required by the contract. In several places on the plans lavatories are marked: "Hot & cold water." Legends on the margins of plans read: "Lavatories to have combination faucet with hot & cold water connections and liquid soap dispenser"; "Hose connections with hot & cold water to be installed in operating rooms"; "City water used"; and "Hot water for clean-up provided." The word "provided" is used in other places as expressive of what the plaintiff must furnish. We think that the Appellate Division was right in ruling that the plaintiff was bound to install the piping under his contract.

*Order of Appellate Division affirmed.*